IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BARBARA ANN JONES                                                                                    PLAINTIFF

vs.                                              Civil No. 6:08-cv-06090

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Barbara Ann Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her disability applications on December 30, 2005.  (Tr. 11, 49, 67-72, 80, 116). Plaintiff alleged she was disabled due to the residual injuries from an auto accident, including neck pain and nerve damage.  *See id.*  Plaintiff alleged an onset date of October 14, 2005, the date of the

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

auto accident. (Tr. 67, 72). These applications were initially denied on February 24, 2006 and were denied again on reconsideration on August 23, 2006. (Tr. 43-45). On September 18, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 46). This hearing request was granted, and a hearing on this matter was held on October 23, 2007 in Hot Springs, Arkansas. (Tr. 216-229). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Katrina Virden testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the ninth grade in school. (Tr. 219).

On May 28, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-18). In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act on October 14, 2005 and continued to meet them through December 31, 2005. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> The medical evidence establishes that the claimant has a healed C2 fracture with spondylolisthesis and a history of open reduction internal fixation of the right forearm radius fracture in 2005 (Exhibits 1F-6F) . . . .

(Tr. 17, Finding 3). However, the ALJ also found Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). *See id.*

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-16). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found her claimed limitations

were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> The claimant retains the residual functional capacity for a full range of light, unskilled work. This type of work involves lifting no more than 20 pounds at a time and frequently lifting or carrying objects weighing up to 10 pounds (20 CFR 404.1567(b) and 416.967(b)). I also find that she is capable of standing and walking with normal breaks for a total of about 6 hours in an 8-hour workday and sitting with normal breaks for a total of about 6 hours in an 8-hour workday.

(Tr. 17, Finding 7).

The ALJ then considered whether Plaintiff retained the RFC to perform her Past Relevant Work ("PRW"). (Tr. 17, Finding 6). At the administrative hearing, Plaintiff testified that her only PRW that rose to the level of SGA was as a parts maker at a plastics company.[2] (Tr. 219-220). After reviewing her PRW, the ALJ determined Plaintiff was unable to perform her PRW. (Tr. 17, Finding 6). However, the ALJ also determined, considering her RFC, age, education, and work experience, she was not disabled pursuant to Section 416.969 of Regulations No. 4 and No. 16 and Medical-Vocational Rule 202.17. (Tr. 17, Finding 11). Accordingly, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 17, Finding 12).

On June 5, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7, 215). *See* 20 C.F.R. § 404.968. On September 10, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On September 29, 2008, Plaintiff filed

---

[2] Based upon her statements to Dr. Sharma, Plaintiff stopped working in April of 2005, six months before her alleged onset date. (Tr. 210). Prior to April of 2005, Plaintiff reported to Dr. Sharma that she had been bartending for eight months. (Tr. 210). Evidently, the ALJ found that work did not rise to the level of SGA. However, Plaintiff reported to the SSA that she was not "bartending" but was, in fact, exotic dancing. (Tr. 104).

the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 14, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6, 8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings this appeal claiming the following: (A) the ALJ erred when he found Plaintiff's subjective complaints were not credible and (B) the ALJ erred when he found Plaintiff's could perform light duty work. (Doc. No. 6, Pages 2-7). In response, Defendant argues that the ALJ properly assessed Plaintiff's subjective complaints and properly assessed her RFC. (Doc. No. 8, Pages 7-17). This Court will address both of these arguments.

### A.     Credibility Determination

Plaintiff claims the ALJ erred in assessing her subjective complaints. (Doc. No. 6, Pages 2-6). Plaintiff argues that her testimony, her prior work record, and her medical records all support her subjective complaints and that the ALJ did not give proper weight to that evidence. *See id.* In response, Defendant argues the ALJ's credibility determination is supported by substantial evidence and is entitled to deference. (Doc. No. 8, Pages 7-14). Defendant argues the ALJ properly considered Plaintiff's lack of medication, lack of any medical treatment since May of 2006, poor work history prior to her alleged disability onset, "self-imposed limited daily activities," and "the lack of supportive objective medical evidence." *See id.* at 8.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly evaluated Plaintiff's subjective complaints. The ALJ first assessed Plaintiff's subjective complaints pursuant to *Polaski* and then noted the following three inconsistencies in the record: (1) despite her subjective complaints of disabling pain, Plaintiff was taking no pain medications and had seen no treating physician since 2006; (2) Plaintiff's work history was "not impressive" as she was not working at the time of her accident and reported low earnings since 2001; and (3) none of Plaintiff's treating physicians had placed any limitations on her activities. (Tr. 15-16).

In response to the ALJ's first finding, Plaintiff argues that her failure to take medication and seek follow-up treatment should be excused because she had "no insurance, no job and no money." (Doc. No. 6, Page 7). However, Plaintiff's failure to take medication and seek follow-up medical

7

treatment is not automatically excused simply because she claims she could not afford such treatment. *See Mellon v. Heckler,* 739 F.2d 1382, 1383 (8th Cir. 1984). Instead, Plaintiff must make some showing that she could not afford the medication or that inexpensive treatment was not available. *See id.* In the present action, Plaintiff has made no such showing. Furthermore, despite Plaintiff's claim that she had insufficient funds to afford medical treatment, Plaintiff was still able to find the funds to support a smoking habit. (Tr. 14). She even continued this habit against her doctor's advice. *See id. See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (8th Cir. 1999) (noting that despite the claimant's claim that he could not afford medication, there was no evidence that he chose to forgo smoking three packs of cigarettes a day to help finance pain medications).[4] These findings and this analysis are sufficient to satisfy the requirements of *Polaski*. Therefore, the ALJ's credibility determination should be affirmed. *See Lowe,* 226 at 971-72.

### B.   RFC Determination

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence in the record. (Doc. No. 6, Pages 6-7). Specifically, Plaintiff argues that no medical evidence supports the ALJ's RFC determination. *See id.* In response, Defendant argues that Plaintiff's medical records, including those from Plaintiff's treating physicians, provide substantial support for the ALJ's RFC determination. (Doc. No. 8, Pages 14-17).

After reviewing the transcript in this case, this Court finds that Plaintiff's claim–that no medical evidence in the record supports the ALJ's RFC determination–is entirely meritless.[5] On

---

[4] The ALJ also noted in his opinion the fact that Plaintiff was involved in the car accident that caused her alleged disability when "[s]he was not wearing a seatbelt, and admitted that she had consumed four beers and tequila drinks prior to the accident." (Tr. 13).

[5] Plaintiff made the bare claim that the ALJ's RFC determination is not supported by the medical records in this case. (Doc. No. 6, Pages 6-7). Plaintiff essentially provided no briefing on this issue. Therefore, this Court is not required to address that issue. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out

October 14, 2005, Plaintiff was involved in an auto accident which allegedly caused her disability. (Tr. 129, 138-140, 143, 146). Thereafter, on May 10, 2006, six months after her accident, Plaintiff reported to Dr. Buono that she did not have any neck pain. (Tr. 193). Dr. Buono also reported that the "last CT scan we got in March showed nice progression of the fusion mass of the C2 fracture." *See id.* On that date, Dr. Buono removed her cervical collar and instructed her to return if she experienced any pain or problems. *See id.* Plaintiff never returned for any follow-up care. *See id.*

Plaintiff's next appointment was on January 23, 2008, well over one year after her last appointment with Dr. Buono. (Tr. 210-214). This appointment was with Dr. Roshan Sharma, M.D. who examined Plaintiff as a part of a consultative examination. (Tr. 210-214). On that date, she reported taking no medication, including no pain medications. *See id.* Also on that date, Dr. Sharma reported that Plaintiff had very few functional limitations:

> There are no restrictions in sitting or standing. No restrictions in gait. No restrictions in handling objects with the left upper extremity. Mild restriction in handling objects with the right hand. She is right-handed. Hearing, speech, and travel are within normal limits. General mobility seems to be fairly intact.

(Tr. 212). Dr. Sharma also reported that Plaintiff could frequently lift and carry up to ten pounds and occasionally lift and carry eleven to fifty pounds. (Tr. 214). These findings are entirely consistent with the ALJ's RFC determination, and as such, they provide substantial evidence in support of that determination.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

---

of hand" the claimant's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because the claimant provided "no analysis of the relevant law or facts regarding these listings"). However, even though Plaintiff did not adequately brief her argument, this Court will still address this issue.

9

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of November, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE